**John P. HEY and John W. Jennings, Jr., Plaintiffs,**

v.

**Tyree IRVING, Fred B. Clark, and Carl Palmer, Defendants.**

**No. 4:93CV180–S–B.**

United States District Court, N.D. Mississippi, Greenville Division.

Nov. 12, 1997.

George S. Whitten, Jr., Tupelo, MS, for Plaintiffs.

Everett T. Sanders, Natzhez, MS, for Defendants Tyree T. Irving and Carl Palmer.

Charles L. Bearman, Forrest W. Stringfellow, Jackson, MS, for Defendant Fred B. Clark.

*MEMORANDUM OPINION*

SENTER, Chief Judge.

This cause is before the court upon the motion by the plaintiffs to amend their com-

plaint in an action which was dismissed by this court on October 3, 1997, following oral argument on October 1, 1997. The controversy surrounds the arrests on June 22, 1992, of the plaintiffs when they refused to quit filming a meeting conducted by the Leflore County Democratic Executive Committee. The plaintiffs, members of Greenwood Taxpayers for Good Government, were filming the meeting for a local cable access channel, The Taxpayers Channel, when committee members Irving, Clark, and Palmer summoned the police.[1] The court dismissed the plaintiffs' § 1983 claims after finding that the defendants, private citizens,[2] had not acted under color of state law and after finding there was no constitutional violation where the plaintiffs were arrested for breach of peace. *See* Mississippi Code § 99–3–7(1) authorizing an officer or private person to arrest any person without warrant for a breach of the peace *threatened* or attempted in his presence. The court reasoned that because the plaintiffs' argument centered around complaints with the warrant, the court was justified in dismissing the plaintiffs' action since the arrests could have been effectuated without a warrant. Therefore, the court found that the plaintiffs were not deprived of their constitutional rights and, likewise, that the arrests did not violate Mississippi state law.[3]

## THE MOTION

■ The plaintiffs now wish to amend their complaint in a cause of action dismissed and terminated by this court on October 3, 1997. Because the plaintiffs' motion "relies on the straightforward text of Federal Rules of Civil Procedure 12(b) and 15(a) and (d), needing no brief in support," the only authoritative support offered for this proposition is a summary produced by the Mississippi Law Journal Briefing Service of an October, 1997, opinion by the Mississippi Supreme Court. After having reviewed the latest edition available to this court of the Federal Rules of Civil Procedure (the 1997 edition), this court is unable to locate "the straightforward text" which would allow a plaintiff to amend his complaint after that cause of action has been dismissed.

After an extensive search, however, the court did locate a civil procedure rule which would allow amendment of a complaint as a matter of right after the cause has been dismissed on a 12(b)(6) motion. The rule states, "On sustaining a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), or for judgment on the pleadings, pursuant to Rule 12(c), thirty days leave to amend shall be granted, provided matters outside the pleadings are not presented at the hearing on the motion." Miss. Rule Civ. Pro. 15(a). Hence, the problem is not in the substance of the rule, but in its location. Because this court is certain plaintiffs' counsel would not direct this court to "straightforward text" which does not exist in the Federal Rules of Civil Procedure, this court presumes that the plaintiffs intended to refer to the Mississippi Rules and not the Federal Rules.[4] This court has no real difficulty in finding that the Mississippi Rules of Civil Procedure simply

---

1. A month before the arrests on May 11, 1992, and in the presence of the plaintiffs, committee members voted to ban filming of Democratic Executive Committee meetings by the Taxpayers Channel.

2. Defendant Clark was a municipal judge at the time of the arrest. However, the plaintiffs sued Clark in his individual capacity and consistently assert that he is not being sued for any judicial function he performed as municipal judge.

3. The parties have already been to Chancery Court where the Chancellor made a determination that the Democratic Executive Meetings were not subject to Mississippi's Open Meetings Act.

4. Further support of the court's presumption exists in the fact that the plaintiffs submitted only a summary of an opinion by the Mississippi Supreme Court because of the rules' "straightforward text ... needing no brief in support." Under no situation would this court apply the Mississippi Rules of Civil Procedure. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Quit logically then, this court could interpret the plaintiffs' motion as an attempt to change long-standing jurisprudence. (The plaintiffs wish this court to utilize the Mississippi Rules of Civil Procedure rather than the rules which were developed for our own judicial system, the Federal Rules of Civil Procedure.) Even if it could, this court is not prepared to do so. The Federal Rules have proven to be quit effective.

do not apply. Therefore, the plaintiffs' motion to amend their complaint is denied.[5]

The plaintiffs include with their motion to amend a desire to supplement the pleadings with new facts that came to light after the motions to dismiss were granted. Because the plaintiffs' motion to amend their complaint is denied, this court will, however, consider the "newly discovered evidence" as the plaintiffs' attempt to move for relief of judgment under Federal Rule 60(b)(2) which allows the court to relieve a party from a final judgment, order, or proceeding based upon newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). Under Rule 60, the motion is to be made within a reasonable time, but not more than one year after the judgment was entered. Plaintiffs' motion was filed on October 24, 1997.

■ In their motion, the plaintiffs explain that one of the four Greenwood officers who arrested the plaintiffs relocated to Tupelo as did plaintiffs' counsel. "Providence intersected their two paths on a few occasions during 1997, which gave rise to enough rapport that, after the Motions to Dismiss were granted, Plaintiffs' attorney approached Mr. Sanford and learned for the first time what Sanford has set forth in his Affidavit." The plaintiffs submit this newly discovered evidence (the affidavit and "a heretofore unsubstantiated rumor relayed by a different former Greenwood police officer") as an additional allegation, "in support of the principal element the court found was not met by the earlier Complaint, namely, whether Defendants acted under color of law."

The affidavit of Officer Terry Sanford states that he was told earlier in the day that the plaintiffs, cameramen for the Taxpayers Channel, would be arrested if they "tried again to cover that night's Democrat Party meeting." Sanford was one of the arresting officers and "developed serious reservations about the warrants and the unusual timing of serving the arrest warrants." Sanford further stated, "I also doubted that the persons to be arrested had committed any crime, and I told them the same night that I did not believe they were guilty of the charge."[6]

In their "new" complaint for a cause of action which no longer exists, the plaintiffs allege the following and direct the court to the same:

41. Prior to the next meeting of the DEC, the individual defendants arranged with the Greenwood Police Department to arrest the cameraman if the TTC again sent a reporter to cover the next DEC meeting and the reporter again refused, as he had at the previous meeting, to turn the camera off.

42. The individual defendants' goal was to have arrests made immediately in order to shut down TTC's cameras and carry on the DEC meeting unfilmed by that one channel. Their method was to make arrests that were the same as warrantless arrests, but for conduct the police did not witness.

43. Defendants would have been unsuccessful had they simply placed a routine call to the police to investigate the next meeting, leaving it to the officer to make arrests "on view," because the officer would not have observed any criminal conduct by plaintiffs.

The police cannot be counted on to arrest innocent persons when making the arrest based on their own observation and accusation, because officers exercise their judgment and training.

44. Neither could Defendants effect the plaintiffs' immediate removal by the usual process of filing a citizen complaint. Citizen's affidavits usually wait several hours to a few days before arrest warrants are issued. Arrest warrants issued on the ba-

---

5. While the court is aware that post-verdict amendments, though extremely rare, are possible in the federal court system, plaintiffs mistakenly believe that such amendment is available as a matter of right. That the state of Mississippi chooses to afford such an amendment as a matter of right is of little consequence in this court.

6. Officer Sanford's personal belief in this matter is irrelevant—unless, of course, Sanford had been a named defendant and qualified immunity was at issue. Had there been a trial on this cause, Sanford's belief would not have been admissible as evidence.

sis of a citizen complaint usually take the police a minimum of several hours and up to a few days to serve.

The plaintiffs completely miss the mark. First, there is nothing "new" alleged in plaintiffs' complaint. It is simply a rehashing of their earlier two complaints. Secondly, the plaintiffs concede that they were present a month before the arrests when the committee voted to ban filming by their channel. The plaintiffs refused to quit filming in May. Why would it be a surprise, then, that the committee anticipated a "breach of peace" occurring on the night of June 22? Thirdly, the "straightforward text" of Mississippi Code of § 99-3-7(1) authorizes an officer to arrest for a breach of the peace *threatened or attempted* in his presence. Fourth, even if the plaintiffs could establish color of state law through the "newly discovered evidence," the plaintiffs must allege a constitutional deprivation to assert a § 1983 claim. Therefore, the plaintiffs would have gained nothing by establishing color of state law even if the "new" information had merit. Finally, relief under Rule 60 may only be granted where there is newly discovered evidence "which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. Rule Civ. Pro. 60. Whether by "providence" or through discovery, plaintiffs should have and could have obtained relevant information from the arresting officers four years ago. For all of these reasons, the plaintiffs motion for relief from the judgment based upon "newly discovered evidence" is denied.

## APPEAL

Despite the court's liberal interpretation of the plaintiffs' motion as a post-verdict one rather than a pre-trial request, the appeal time is not tolled because the plaintiffs did not file their motion in a timely manner for appeal purposes. *See* Rules of Appellate Procedure 4(a)(4)(F) (stating that a timely Rule 60 motion for appeal purposes must be filed no later than 10 days after the entry of judgment); also see Federal Rule of Civil

Procedure 60(b) which states that a Rule 60(b) motion does not affect the finality of a judgment or suspend its operation. The final judgment was entered on October 3, 1997, and, therefore, the motion should have been filed by October 14, 1997.[7] *See* Rules of Appellate Procedure 26(a).

Appellate Rule 4(a)(5) states that upon excusable neglect or good cause shown, the district court may extend the time for filing of a notice of appeal. In their *ex parte* motion to extend filing time, the plaintiffs justify an extension based upon the absence of a motion to amend complaint in Appellate Rule 4(a)(4)'s listing of post-verdict motions that toll appeal time and based upon their belief that the filing of the notice of appeal of the final judgment would divest the trial court of jurisdiction to rule upon their motion to amend the complaint. Besides providing excellent examples of oxymorons, the reasons stated by the plaintiffs hold very little value for this court. Suffice it to say, this court does not find good cause to be shown for an extension of the appeal time. The plaintiffs' motion for an extension of time is denied.

■ However, by a quirk of a clerk, the plaintiffs will be entitled to pursue their appeal. On November 3, 1997, the deputy clerk received for filing the Plaintiffs' Motion to Extend Time for Filing Notice of Appeal as well as a Notice of Appeal. The clerk of the court returned the notice of appeal to the plaintiffs and entered a notation on the cover letter submitted to the court which said, "Notice of Appeal returned as premature" and then signed her name. Clearly, it was error for the clerk to have done so. Had the plaintiffs been successful in their attempt to file the notice of appeal on November 3, 1997, the notice would have been timely. Therefore, because of an error by this court, the plaintiffs are deemed to have timely filed their notice of appeal.

As a final matter, this court directs plaintiffs' counsel to the Uniform Local Rules of the United States District Courts for the

---

**7.** Even if the court were to interpret the plaintiffs' motion as a Rule 59 motion, they would also be barred from filing an appeal because a Rule 59 motion must be filed within 10 days of the final judgment in order to be timely for this court's consideration. Such a motion, calculated under Federal Rule of Civil Procedure 6(a) should have been filed by October 21, 1997.

Northern and Southern Districts of Mississippi. Together with the Federal Rules of Civil Procedure, these rules govern proceedings in the United States District Courts in Mississippi.[8] The preamble charges attorneys practicing before the court with the responsibility of knowing the local rules at risk of imposition of sanctions. Rule 8(d) requires a memorandum of authorities to accompany motions. Even if the plaintiffs had been correct that the "straightforward text" of the Federal rules allowed amendment after dismissal, the plaintiffs would have been required to supply this court with memorandum supporting their proposition. Clearly, the plaintiffs were in error by informing this court they needed no brief to support their argument.[9]

Should this court be incorrect in any of its findings and rulings in regard to this cause of action, it will rely upon the wisdom and guidance of the Fifth Circuit to direct it otherwise. The plaintiffs' motion to amend their complaint is denied.

An order in accordance with this opinion shall be issued.

## ORDER DENYING PLAINTIFFS' MOTION TO AMEND AND DENYING PLAINTIFFS' MOTION TO EXTEND TIME FOR FILING NOTICE OF APPEAL

In accordance with a memorandum opinion issued concurrently,

IT IS ORDERED:

That plaintiffs' motion to amend their complaint is denied; and

That plaintiffs' motion to extend time for filing the notice of appeal is denied; and

That the deputy clerk is hereby instructed to file as of November 3, 1997, the plaintiffs' notice of appeal.

---

**8.** Every conceivable subject pertaining to procedure is covered by both sets of rules. Therefore, with all of these rules, there is no need to apply the Mississippi Rules.

**9.** The plaintiffs are also directed to Rule 8(m) allowing imposition of sanctions for frivolous motions. This court could very easily find the plaintiffs' motion to amend their complaint in an action dismissed and terminated by this court is frivolous for any one of the following reasons: citing legal authority that does not exist, suggesting application of the Mississippi Rules of Civil Procedure, restating original allegations that this court found insufficient as a matter of law, describing as "new evidence" information that could easily have been part of pre-trial discovery, and, finally, disobeying the local rules by failing to submit supporting documentation.