IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60816
Summary Calendar
_____


JOHN P. HEY; JOHN W. JENNINGS, JR.,

Plaintiffs-Appellants,

versus

TYREE IRVING, In His Individual
Capacity; FRED B. CLARK, Individually;
CARL PALMER, Individually,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Northern District of Mississippi
(4:93-CV-180-S-B)
_____

October 2, 1998

Before REAVLEY, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    John P. Hey and John W. Jennings, Jr., two cameramen for The

Taxpayers Channel, sued three members of the Leflore County

Democratic Executive Committee ("DEC"), Tyree Irving, Carl

Palmer, and municipal judge Fred B. Clark in their individual

capacities under 42 U.S.C. § 1983, alleging that the defendants

conspired to arrest them when they refused to stop filming the

---

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

DEC meeting in violation of their constitutional rights. The district court dismissed the case under FED. R. CIV. P. 12(b)(6), finding that (1) the amended complaint was not sufficient to support a claim of conspiracy necessary to establish that the defendants acted under color of law, and (2) the plaintiffs suffered no constitutional deprivation. For the reasons stated below, we affirm.

In this appeal, plaintiffs claim the district court improperly dismissed their § 1983 claim because:

(a)   the amended complaint sufficiently alleged that Judge Clark's non-judicial acts of conspiracy, for which he is not immune, were under color of law;

(b)   the amended complaint sufficiently alleged that private defendants Irving and Palmer acted under color of law by conspiring with Judge Clark to deprive Plaintiffs of their constitutional rights; and

(C)   Defendants' conspiracy to subvert the warrant requirement of a probable cause determination by a neutral and detached magistrate, which resulted in plaintiffs' arrest, violated their rights under the First, Fourth, and Fourteenth Amendments of the Constitution.

Judge Clark was immune from suit for his alleged participation in the conspiracy. As for defendants Irving and Palmer, the amended complaint was not pleaded with sufficient specificity to support a claim of conspiracy under § 1983. Because the district court properly dismissed the complaint on

2

that basis, we do not reach the question of constitutional deprivation.

## II. DISCUSSION

A. *Standard of Review*

We review the district court's dismissal of the complaint under FED. R. CIV. P. 12(b)(6) *de novo*. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). We accept the factual allegations in the amended complaint as true. *Id.* "A Rule 12(b)(6) dismissal will not be affirmed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 122 (1994)). "[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Id.* "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

B. *Section 1983 Claim*

To state a cause of action under 42 U.S.C. § 1983, Plaintiffs must allege that the defendants acted "under color of law" and that the defendants deprived them of their constitutional rights. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970).

3

1.  *Actions under color of law.*

Plaintiffs sued each defendant in his individual capacity.[1] Thus, these private defendants are acting under color of law for purposes of § 1983 only if they "jointly engaged with state officials in the challenged action." *Dennis v. Sparks*, 449 U.S. 24, 27-28, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980).

The basis of plaintiffs' claim is that the three defendants conspired together to have them arrested in violation of their constitutional rights. "To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) (citation omitted). General conclusory charges of conspiracy with "no specific allegation of facts tending to show a prior agreement" cannot survive a motion to dismiss. *See id.* at 1023-24. The complaint must include specific factual allegations showing a prior agreement, plan or meeting of the minds between the defendants and a state actor. *See Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989); *Cole v. Gray*, 638 F.2d 804, 811 (5th Cir.), *cert. denied*, 454 U.S. 838, 102 S. Ct. 144, 70 L. Ed. 2d 120 (1981).

We consider the claim against each defendant in turn.

a.  *Judge Clark*

---

[1] Plaintiffs concede that defendants are not state actors by virtue of their membership in the DEC. The claim against Fred Clark is only for his non-judicial actions. Finally, Carl Palmer is not a state actor simply by virtue of being a city councilman.

4

As plaintiffs concede, Clark enjoys absolute immunity for his judicial acts, which in this case amount to issuing the arrest warrants. *See Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir. 1982). A judge is not immune, however, from liability for his non-judicial acts. *See id.*

As an initial matter, we reject plaintiffs' argument that Clark was a state actor because he used his judicial position to influence and control the police. Absent specific factual allegations showing that Clark conspired with police to effectuate the arrests, the conclusory allegation that Clark influenced the police is insufficient to establish state action. The cases cited by plaintiffs were either inapposite[2] or involved a conspiracy between the defendant and the state official. *See Scott v. Dixon*, 720 F.2d 1542, 1546 (11th Cir. 1983), *cert. denied*, 469 U.S. 832, 105 S. Ct. 122, 83 L. Ed. 2d 64 (1984) (evidence that former chairman of board of commissioners

---

[2]  *Bennett v. City of Slidell*, 728 F.2d 762 (5th Cir. 1984) (en banc), is inapposite as the city auditor who purportedly used his influence with other city officials was not even a defendant in the case and this court made no determination as to whether the auditor's actions were under color of law. *See id.*
Plaintiffs also misconstrue *Howard Gault Co. v. Texas Rural Legal Aid, Inc.*, 848 F.2d 544 (5th Cir. 1988). This case does not stand for the proposition that a defendant acting in his private capacity is a state actor because he influenced state officials. This case involved three criminal district attorneys who, while representing a client in a private action, engaged in official conduct and used the resources of other state officials to help their clients. We held that *the clients* were state actors by virtue of their conspiracy with the attorneys, *acting in their official capacity*, and other state officials. *See id.* at 554-55. Contrary to plaintiffs' assertion, the attorneys were not cast as private defendants who acted under color of law by influencing other state officials; they were characterized as acting in their official capacities. *See id.*

5

allegedly conspired with state court clerk to issue arrest warrant and used his prior position to influence police officers to execute the warrant could support a finding of state action); *Williams v. City of Luling*, 802 F. Supp. 1518, 1528 (W.D. Tex. 1992), *appeal dismissed*, 12 F.3d 209 (5th Cir. 1993) (complaint "alleged an abundance of facts which support the existence of a conspiracy" between the defendant, who was the former police chief, and police officers).

Second, plaintiffs argue that Clark acted under color of law by conspiring with Irving and Palmer to arrest Plaintiffs in violation of their constitutional rights. They assert that Clark's overt acts in furtherance of the conspiracy, prior to issuance of the arrest warrants, were non-judicial acts for which he is not immune. This argument was specifically rejected in *Holloway v. Walker*, 765 F.2d 517 (5th Cir.), *cert. denied*, 474 U.S. 1037, 106 S. Ct. 605, 88 L. Ed. 2d 583 (1985). In *Holloway*, we stated that "[i]t is a well established rule that where a judge's absolute immunity would protect him from liability for the performance of particular acts, mere allegations that he performed those acts pursuant to a bribe *or conspiracy* will not be sufficient to avoid the immunity." *Id*. at 522 (emphasis added). Even if Clark conspired with the other defendants as alleged, he is still entitled to absolute immunity because the alleged harm resulted from a judicial act -- the issuance of the arrest warrants. *See id.* at 523.

      b.   *Irving and Palmer*

The amended complaint alleges that Irving and Palmer acted under color of law by conspiring with Judge Clark to effectuate the alleged unlawful arrests. As the Supreme Court held in *Dennis*, even where the judge is immune from suit, "[p]rivate parties who corruptly conspire with a judge in connection with [judicial] conduct are . . . acting under color of state law within the meaning of § 1983 . . . ." 449 U.S. at 29, 101 S. Ct. at 187, 66 L. Ed. 2d 185. But, as noted above, general conclusory charges of conspiracy with "no specific allegation of facts tending to show a prior agreement" cannot survive a motion to dismiss. *See Arsenaux*, 726 F.2d at 1023-24. Here, plaintiffs' bare conclusory allegation that "[a]ll three defendants demonstrated a meeting of the mind" absent any specific facts showing that the defendants reached an agreement to violate their rights, is not sufficient to plead a § 1983 conspiracy. *See, e.g.*, *Woodrum*, 866 F.2d at 1126; *Cole*, 638 F.2d at 811.

Further, we reject plaintiffs' argument that Irving and Palmer were state actors by causing the police to abdicate their authority to the defendants. The cases plaintiffs rely on for this proposition required the existence of an agreement or pre-arranged plan between the police and the defendants. *See Sims v. Jefferson Downs Racing Ass'n*, 778 F.2d 1068, 1079 (5th Cir. 1985); *Cruz v. Donnelly*, 727 F.2d 79, 82 (3rd Cir. 1984). Plaintiffs have alleged no specific facts showing an agreement between the defendants and the police.

7

2.    *Constitutional Deprivation*

Because we conclude that Clark is entitled to judicial immunity and that the amended complaint fails to establish that Irving and Palmer acted under color of law, we need not address the issue of whether the defendants' actions resulted in a deprivation of the plaintiffs' constitutional rights.

Affirmed.